Steven A. Alpert, NV Bar #8353
**PRICE LAW GROUP, APC**
5940 S. Rainbow Blvd., Suite 3014
Las Vegas, Nevada 89118
Phone: (702) 794-2008
alpert@pricelawgroup.com
*Attorneys for Plaintiff,*
*Susana Fuentes*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| SUSANA FUENTES,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>　　　　　　Defendant. | Case No.: 2:21-cv-00674<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>　1.　FCRA, 15 USC §1681 *et seq.* |

Plaintiff Susana Fuentes ("Plaintiff" or "Mrs. Fuentes"), through her attorneys, alleges the following against Defendant Equifax Information Services, LLC ("Equifax"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*, against Equifax, as well as its

1

agents for its unlawful reporting of inaccurate information on Plaintiff's credit report and for its failure to conduct a reasonable reinvestigation upon receiving notice of a dispute.

## **JURISDICTION AND VENUE**

1. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681.

2. Venue in this District is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

3. Defendant transacts business here; as such, personal jurisdiction is established.

## **PARTIES**

4. Plaintiff Susana Fuentes is a natural person residing in the city of Las Vegas, Clark County, Nevada.

5. Plaintiff is a *consumer* as defined by the FCRA, 15 U.S.C. §1681a(c).

6. Defendant Equifax is a *credit reporting agency*, as defined in 15 U.S.C. § 1681a(f)). On information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. Equifax's principal place of business is located at 1550 Peachtree Street NW,

- 2 -

Atlanta, Georgia, 30309. Equifax can be served through its registered agent, Corporation Service Company, located at 40 Technology Parkway South #300, Norcross, GA 30092.

7.  Upon information and belief Equifax, as a "credit reporting agency" or "CRA", disburses *consumer reports* to third parties under contract for monetary compensation.

8.  At all relevant times, Defendant acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

### A. Settlement Agreement - Midland Account [#xxxxxx8094]

1.  In or around July 2016, Mrs. Fuentes entered into a settlement agreement with non-party Midland Credit Management, Inc., concerning the Midland Account [#xxxxxx8094], in which the original creditor was non-party Citibank, N.A.

2.  The total settlement amount was $517.00 and it was to be paid in two (2) installments.

3.  Mrs. Fuentes made the following payments:

    a. $258.50 on July 24, 2016, check # 283

    b. $258.50 on August 25, 2016, check # 324

4.  As such, the Midland Account was settled and had a $0 balance as of August 25, 2016.

## B. Inaccurate Reporting

5.  In or around September 2020, Plaintiff obtained her Equifax consumer credit report to ensure her Accounts were being reported accurately.

6.  Upon review of her credit report, Plaintiff discovered that Equifax were reporting the Midland Account inaccurately.

7.  Equifax was reporting the Midland Account as having a collection status, with balance of $774, a past due balance of $774 and a date of last payment on September 01, 2016.

8.  The reporting of the Midland Account was inaccurate because Mrs. Fuentes had paid off the account in full in August 2016.

## C. Plaintiff's Dispute Letters

9.  On or about October 2, 2020, Plaintiff sent letters to Equifax disputing the inaccurate reporting of the Midland Account.

10. The letter stated that the Midland Account [#xxxxxx8094] was settled and paid off on August 25, 2016.

11. Upon information and belief, Equifax received Plaintiff's dispute letters.

12. Upon information and belief, Equifax forwarded Plaintiff's disputes to Midland within 5 business days of receipt.

### D. Responses to Plaintiff's Dispute Letters And Continued Inaccurate Reporting

13. In or around November 2020, Equifax responded to Plaintiff's dispute letter.

14. Equifax's response indicated that the Midland Account was verified as accurate and continued to report it with as a collection account with $774 past due.

15. Equifax failed to conduct a reasonable reinvestigation of Mrs. Fuentes' dispute.

16. Equifax failed to follow reasonable procedures to assure maximum possible accuracy of the information on Mrs. Fuentes' consumer credit report.

17. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, anguish, and emotional and mental pain.

18. Defendant's conduct reduced Plaintiff's access to credit by reporting materially misleading and patently false information on her consumer credit report.

19. Upon information and belief, Plaintiff has applied for credit cards and has been approved at less favorable terms due to Defendant's inaccurate reporting.

20. Upon information and belief, Plaintiff has applied for credit cards and has been denied credit due to Defendant's inaccurate reporting.

21. Defendant's conduct has caused Mrs. Fuentes to suffer from a decreased credit score and decreased credit worthiness.

22.     Defendant Equifax's conduct was willful and/or reckless in its reinvestigation of Mrs. Fuentes' dispute related to the Midland Accounts at issue.

## COUNT I
### Defendant Equifax
### (Violations of the FCRA, 15 U.S.C. § 1681 *et seq.*)

23.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.     Defendant's conduct violated the FCRA. Defendant's violations include but are not limited to:

25.     Defendant violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

    a. Defendant Equifax reported Plaintiff's Midland account as a collection account, with both current and past due balances, despite Plaintiff settling and paying off the accounts in 2016.

    b. The inaccurate reporting of Plaintiff's information has caused her to suffer stress, anxiety, headaches, frustration, and emotional and mental pain and anguish, a decreased credit score and decreased credit worthiness.

    c. Furthermore, Defendant received notice from Plaintiff that the information being reported on her credit report was inaccurate.

26. Further, the FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or it must delete the item from the file within thirty (30) days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(2)(A).

27. The FCRA further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. §1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the credit-reporting agency is required to "review and consider all relevant information submitted by the consumer."

28. Defendant failed to conduct a reasonable reinvestigation of the inaccuracy that Plaintiff disputed in violation of 15 U.S.C. § 1681i:

    a. Defendant Equifax verified the Midland Account as being accurately reported and continued to report the account as a collection account,

with both current and past due balances, information it knew or should have known was inaccurate.

29. Defendant failed to review and consider all relevant information submitted by Plaintiff.

30. Defendant's acts, as described above, were done willfully and knowingly.

31. As a result of the foregoing violations of the FCRA, Defendant is liable to Plaintiff for actual damages, statutory damages, attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Susana Fuentes respectfully requests judgment be entered against Defendant for the following:

A. Declaratory judgment that Defendant violated the FCRA;

B. Actual damages pursuant to 15 U.S.C. § 1681n(a)(1) or § 1681o(a)(1);

C. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1);

D. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

F. Exemplary and punitive damages pursuant to NRS 42.005;

F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Any other relief that this Court deems appropriate.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

Respectfully submitted this 23rd day of April 2021.

By: */s/ Steven A. Alpert*
Steven A. Alpert, NV Bar #8353
**PRICE LAW GROUP, APC**
5940 S. Rainbow Blvd., Suite 3014
Las Vegas, Nevada 89118
Phone: (702) 794-2008
alpert@pricelawgroup.com
*Attorneys for Plaintiff,*
*Susana Fuentes*